The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                        Plaintiff,

        v.

ANGELO RALPHEL GUTIERREZ,

                        Defendant.

NO.  2:17-cr-00281-RAJ

ORDER ON DEFENDANT'S RENEWED
MOTION FOR COMPASSIONATE
RELEASE

This matter comes before the Court on Defendant Angelo Ralphel Gutierrez's *pro se* renewed motion for compassionate release.  Dkt. 72.  Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

## I. BACKGROUND

Mr. Gutierrez is a 39-year-old inmate currently detained at Federal Correctional Institution Schuylkill, with a projected release date of October 7, 2023.  On April 5, 2018, he pled guilty to one count of Felon in Possession of Ammunition in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), and one count of Possession of Heroin with Intent to Distribute in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).  Dkt. 31.  On August 24, 2018, Mr. Gutierrez was sentenced by this Court to 84 months of imprisonment, to be followed by three years of supervised

ORDER - 1

release.  Dkt. 45.  On September 2, 2020, Mr. Gutierrez filed a *pro se* motion for compassionate release (Dkt. 63), which was denied without prejudice based on his failure to provide evidence that the statutory exhaustion requirement had been met.  Dkt. 71. Mr. Gutierrez has now filed a renewed motion for compassionate release arguing that he presents extraordinary and compelling reasons for the Court to release him to serve the balance of his sentence on home confinement.  As the parties' briefing related to the renewed motion is supplemental in form, in addition to the briefing submitted in support of the renewed motion, in making its determination the Court has also considered the arguments and evidence presented in Mr. Gutierrez's original motion (Dkt. 63) and the government's original response brief (Dkt. 66).

## II. DISCUSSION

### A.    Legal Standard for Compassionate Release

18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  The Sentencing Commission's policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction." United States Sentencing Guidelines ("USSG") § 1B1.13.  The policy statement clarifies that such reasons exist when (1) "the defendant is suffering from a terminal illness" or (2) "the defendant is suffering from a serious physical or mental condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  USSG § 1B1.13 cmt. n.1.  The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take.  USSC § 1B1.13 cmt. n.4.

Mr. Gutierrez's motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.  As amended, § 3582(c)(1)(A) permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release."  As relevant to Mr. Gutierrez's motion, the statute now provides:

> (c) Modification of an imposed term of imprisonment. --The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The relevant statute gives this Court authority to reduce a previously imposed sentence if three requirements are satisfied: (1) the inmate has either exhausted administrative review of the Bureau of Prison's failure to bring such a motion, or waited until 30 days after the request was made to the warden where the inmate is housed if that is earlier; (2) the inmate has presented extraordinary and compelling reasons for the requested reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement.

ORDER - 3

**B.      Exhaustion of Administrative Remedies**

Prior to considering the merits of Mr. Gutierrez's motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release.  *See* 18 U.S.C. § 3582(c)(1)(A).

On April 16, 2020, the warden of Mr. Gutierrez's facility denied his request for compassionate release.  Dkt. 72, p. 2.  Based on the evidence presented, the Court finds the statutorily required 30-day period has expired, and Mr. Gutierrez's motion is now properly before the Court.

**C.      Extraordinary and Compelling Circumstances.**

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Gutierrez's term of imprisonment.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); USSG § 1B1.13.

The policy statement referenced in § 3582(c)(1) was promulgated by the Sentencing Commission pursuant to the authority Congress vested in it in 28 U.S.C. § 994. That statute provides:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(f).

Consistent with this statute, the applicable policy statement can be found at Section 1B1.13 of the United States Sentencing Guidelines. That statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--

(1)(A) Extraordinary and compelling reasons warrant the reduction…

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and

(3) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

 (4) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13 (2019).

In the commentary, the Commission goes on to explain what constitutes "extraordinary and compelling reasons" to support a reduction in sentence.  Specifically, Application Note 1 provides that extraordinary and compelling reasons exist if the defendant is suffering from a serious physical or medical condition…that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13 cmt.n.1.

To be eligible for this Court to exercise its discretion for a reduced sentence, Mr. Gutierrez bears the burden to show "extraordinary and compelling reasons" that meet the directives set by Congress and the Sentencing Commission for compassionate release to be granted.  *See Riley v. United States,* C19-1522 JLR 2020 WL 1819838 at *7 (W.D. Wash. Apr. 10, 2020); *United States v. Greenhut,* No. 2:18-CR-00048, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020).

Mr. Gutierrez's motion presents three arguments for compassionate release, that he has reevaluated his life for good and wishes to be released to provide support to his family; that he is being denied proper medication for his mental health conditions; and that he is unable to adequately maintain the necessary social distancing to protect himself from contracting coronavirus-19 (COVID-19).  Dkts. 63 and 72.

The government argues in opposition that because Mr. Gutierrez has failed to provide an extraordinary and compelling reason for a sentence reduction, his motion

1  should be denied.  The government indicates that Mr. Gutierrez is a relatively young man

2  at 38 years old and is in good health.  Dkts. 66 and 74.

3       While he does have a history of some mental health issues, namely post-traumatic

4  stress disorder, and anxiety, the government provides evidence that Mr. Gutierrez has

5  received appropriate medication from the Bureau of Prisons to address these issues (Ex.

6  2, at 2, 22, 36, 44-45), but that he has been inconsistent in taking his medications and has

7  often refused them.  Ex. 1, at 73-78; Ex. 2, at 2, 8, 11, 34, 35, 36, 38, 44, 71, 117-124; Ex.

8  3, at 26; Ex. 4, at 2-4, 18.  In sum, the government argues Mr. Gutierrez is not suffering

9  from any serious medical condition, is not significantly at elevated risk from COVID-19,

10  and that the outbreak of the COVID-19 pandemic alone is not an extraordinary and

11  compelling reason to immediately release him from custody.  Dkts. 66 and 74.

12       Last, the government sets forth in detail the efforts being made by the Bureau of

13  Prisons to combat the spread of the virus and to protect the health of inmates and staff.

14  Dkt. 66 and 74.

15       Mr. Gutierrez's motion for compassionate release is denied for several reasons.

16  The Court will address each of these in turn.

17       Mr. Gutierrez asserts that his mental health condition of PTSD, anxiety, and other

18  mental health conditions serve as extraordinary and compassionate reasons for his

19  release.  The government does not dispute that he has a history of these conditions.  The

20  Court concurs that Mr. Gutierrez's medical records confirm that he has suffered from

21  these conditions.  These records also clearly indicate that Mr. Gutierrez has been

22  prescribed medications on numerous occasions medications to address these concerns.

23  *E.g.*  Dkt. 74, Ex. 2, at 2, 22, 36, 44-45.  As noted by the government with various

24  citations to the medical records, Mr. Gutierrez has been inconsistent in attending

25  appointments and taking his medications and has often refused them altogether.  Dkt. 74,

26  p. 5.

27       Mr. Gutierrez's motion is devoid of any specific showing that Schuykill FCI is

28  unequipped to provide medical treatment if he were to become infected with COVID-19.

Nor does he assert any facts to demonstrate that he faces a greater risk while in custody than what he would face in the community upon his release.  Nor does he point to any place in his medical records to suggest that he complained to medical staff about the need for increased care or treatment for his mental health issues that were not addressed.

In addition, Mr. Gutierrez has failed to demonstrate how any specific mental health condition he suffers from is known to increase his risk of serious illness from the virus.  More important is the manner in which Mr. Gutierrez has responded to the mental health treatment provided.  It would be an understatement to note that it has been poor.  The totality of these circumstances are the reasons the Court rejects the request for early release or reduction in his sentence.

In addition to his mental health claim, Mr. Gutierrez also raises his general fear of contracting the virus.  General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence as set forth in the Sentencing Commissions policy statement on compassionate release, U.S.S.G. § 1B1.13.  *United States v. Eberhart,* No. 13-cr-00313, 2020 WL 1450745 (N.D. Cal. Mar. 25, 2020).  Nor do such fears warrant a sentence reduction under the Court's independent assessment of the facts and circumstances presented.  Mr. Gutierrez presents neither evidence nor argument to suggest that his mental illnesses relate in any way to his vulnerability or susceptibility to COVID-19.

Mr. Gutierrez's remaining reason for early release is essentially a request for mitigation of his sentence for good behavior and his desire to be with his wife and children and to be a better father and husband.  These are laudable goals, but they do not meet the standards at any level to qualify as extraordinary and compelling reasons to reduce his sentence.

**D.  Safety of Others**

The Court next turns to whether Mr. Gutierrez presents a danger to the safety of any other person or to the community.  *See* U.S.S.G. §1B1.13(2).  In making this

ORDER - 7

determination, the Court looks to the nature and circumstances of the underlying offense, the weight of evidence against him, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community. 18 U.S.C. §3142(g). The Court may not reduce a defendant's sentence unless it finds that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

Mr. Gutierrez does not address this factor in his motion. The government argues that Mr. Gutierrez continues to present a danger to the safety of others or to the community given his extensive criminal history, much of which involves the unlawful possession of firearms. The government counters Mr. Gutierrez's claim that he has changed and is prepared to live a crime-free life going forward by highlighting how quickly he has reoffended in the past following release from custody, as well as his poor performance on supervision and his history of absconding. Dkt. 66.

The Court agrees with the government. Mr. Gutierrez's recent affirmations of being a changed person willing to fully comply with the law and be a better citizen are contrary to his demonstrated behavior and commitment to criminal behavior. Prior to incarceration for the instant offense, Mr. Gutierrez had a long history of criminal behavior, including his association with firearms. Most telling of his past and continued danger is his conduct while on supervision. He has six 2011 convictions for crimes committed while on supervision for his 2007 convictions. And, the instant crimes for which he seeks relief were committed shortly after he began supervision, from which he absconded almost immediately thereafter. Dkt. 74, p. 11. This track record leads this Court to but one conclusion, Mr. Gutierrez remains a danger to the community. His criminal conduct has continued, escalated, and despite imprisonment and supervision he has been undeterred in his criminal behavior. The Court finds these are sufficient justifications to deny his early release.

ORDER - 8

**E.  Other 18 U.S.C. § 3553(a) Factors**

In determining whether to grant Mr. Gutierrez's compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court also considers the relevant factors other than noted above as set forth under 18 U.S.C. § 3553(a).  These factors include the need for the sentence imposed, the kinds of sentences available, promoting respect for the law, providing just punishment for the offense, avoiding unwarranted sentencing disparities, and providing medical care in the most efficient manner.  18 U.S.C. § 3553(a)(2)(B, C, D); 18 U.S.C. § 3582(c)(1)(A).

Mr. Gutierrez's briefing does not address the factors set forth in 18 U.S.C. § 3553(a).  The government argues that a reweighing of the § 3553(a) factors does not support Mr. Gutierrez's release, and that none of the factors have changed since the Court originally sentenced him.  In addition to creating a disparity in sentencing, the government contends that reducing Mr. Gutierrez's sentence would counter the goals of § 3553(a) to impose a sentence which reflects the seriousness of the offense, promotes respect for the law, or provides just punishment. The Court agrees with the government's assessment of the § 3553(a) factors.

## III.  CONCLUSION

For the foregoing reasons, Defendant Angelo Ralphel Gutierrez's motion for compassionate release is **DENIED**.

DATED this 18th day of February, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER - 9